

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2008

# Mincy v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2689

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mincy v. Klem" (2008). *2008 Decisions.* Paper 105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2689
_____

HILTON KARRIEM MINCY,

                                                            Appellant

v.

EDWARD KLEM, ET AL.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-00790)
District Judge:  Honorable Christopher C. Connor

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 19, 2008
Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(**Opinion filed: December 16, 2008**)
_____

OPINION
_____

PER CURIAM

        Hilton Karriem Mincy is confined at the State Correctional Institution at

Albion in Pennsylvania.   Mincy appeals the District Court's dismissal of his complaint

under Fed. R. Civ. P. 40(b).  We have jurisdiction pursuant to 28 U.S.C. § 1291.   We

review the District Court's dismissal of his complaint as a sanction under Rule 40(b) for

abuse of discretion. See In re: Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The relevant facts are as follows. Mincy filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against nearly seventy-seven prison officials and staff, alleging a litany of claims, including retaliation, conspiracy, denial of due process, fabricated misconduct reports, interference with mail, and verbal and physical abuse. That initial complaint was over 215 pages and contained nearly 687 paragraphs of allegations. The District Court ordered Mincy to file an amended complaint, using a civil rights form-complaint and setting forth simple, concise and direct averments in adherence to Rule 8(e); it moreover ordered that the amended complaint should, pursuant to Rule 20(a), name only those defendants implicated in the transaction or occurrence giving rise to his claims and whose involvement in the suit presents a common question of law or facts. The court warned that it would dismiss Mincy's complaint as a sanction if he failed to comply with those instructions.

In response to the court's order, Mincy filed an amended complaint using the court-furnished form. Mincy's amended form-complaint plainly asserted various allegations of retaliation against prison officials for exercising his First Amendment rights. At the conclusion of the amended form-complaint, however, Mincy alerted the District Court that he planned to file a "proposed amended complaint" pursuant to Rule 15(a). Subsequently, he filed that proposed amended complaint, which was 166 pages,

contained more than 500 paragraphs of allegations, and named more than seventy-seven defendants.

Finding both submissions to be non-compliant with its order, the District Court dismissed his action under Rule 40(b). Specifically, it found that the form-complaint and the proposed amended complaint contained the same deficiencies as the original, referencing numerous unrelated claims and parties. Noting that it had afforded Mincy multiple opportunities to remedy those deficiencies in his pleadings, and that he failed to properly do so, the District Court concluded that Mincy's conduct had made adjudication of the case impossible. Accordingly, the District Court conducted no Poulis analysis before dismissing the case as a sanction.

I.

Rule 8(a)(1) requires that a complaint set forth a short and plain statement of the plaintiff's claims. We conclude that the District Court correctly ordered Mincy to file an amended complaint using a form-complaint, because his original one was unduly long. However, in light of the liberal construction given to pro se pleadings, we cannot conclude that Mincy's amended form-complaint does not satisfy Rule 8. His averments under the "Statement of Claim" section of the form-complaint plainly allege that the Defendants have retaliated against him for filing lawsuits, grievances and complaints against prison officials, as a means of deterring him from exercising his First Amendment rights.

3

Additionally, we agree that under Rule 20 a plaintiff may join defendants in one action only if they assert a right to relief arising out of the same transaction or occurrence. The District Court correctly concluded that Mincy's attempts to incorporate separate and unrelated claims against parties from other lawsuits are inappropriate. However, we note that Rule 21 instructs that the misjoinder of parties provides no grounds for dismissing an action. See Rule 21; Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972). Courts may add or drop parties under Rule 21, but they may not dismiss actions where there has been a misjoinder of parties. Letherer v. Alger Group, LLC., 328 F.3d. 262 267 (6th Cir. 2003). Accordingly, the District Court erred in dismissing Mincy's complaint on this basis.

## II.

As we have explained, dismissals under Rule 40(b) are "only appropriate in limited circumstances . . . ", Emerson v. Thiel College, 296 F.3d 184,190 (3d Circ. 2002), because they are "drastic" and "extreme measures" that should only be reserved for cases where there has been "'flagrant bad faith' on the part of the plaintiffs." Poulis, 747 F.2d at 867-68 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).

On review, this Court should be "guided by the manner in which the [District Court] balanced the Poulis factors, and whether the record supports its findings." Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). Those factors are: (1) the extent of the

4

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was wilful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis, 747 F.2d at 868. Failure to consider these factors is considered an abuse of discretion. See Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1188 (3d Cir. 1989).

The District Court decided that Mincy's conduct – filing a seemingly non-compliant form complaint and an additional proposed amended complaint – made adjudication of the case "impossible," and that it was accordingly unnecessary to weigh the Poulis factors before dismissing the case under Rule 41(b). In support of that proposition, the District Court cited Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). The "impossibility" exception relieves a district court from analyzing the Poulis factors. However, our opinions in Guyer and Spain do not support dismissal here: The District Court has not shown that Mincy's conduct suggests that he clearly intended to abandon the case, see id. at 455, or that his behavior had been so egregious as to suggest that he no longer wished to pursue his claims, see Guyer, 907 F.2d at 1430.

Accordingly, we will vacate the judgment of the District Court and remand for further proceedings.

5