**Henry Unseld WASHINGTON, Appellant**

v.

**James L. GRACE; David J. Wakefield; Dorina Varner; Melvin S. Lockett; R.M. Lawler; Harry Wilson; Linda Harris; Mark Krysevig; Carol Scire; S. Glunt; Bartley; Rhodes; Dobryzinski; Peastrack; Koval; Ritcher; John**

**S. Schaffer; William S. Stickman; Michael A. Farnan; Alan B. Fogel; Fisher; Capt. Manchas; Capt. Kauffman; Capt. Scott Nickelson; Lt. Ewing; Lt. T. Holtz; Lt. R. Cooper; Seg. Johnson; Mirabella; Lilla; B. Butler; B. Smith; Hosler; McClain.**

No. 08–3034.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 30, 2009.

Opinion filed: Nov. 25, 2009.

---

Henry Unseld Washington, Huntingdon, PA, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Henry Washington appeals from an order of the District Court dismissing his complaint. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

On May 14, 2007, Washington filed a complaint pursuant to 42 U.S.C. § 1983. The District Court determined that the complaint failed to comply with Fed. R.Civ.P. 8 and 20 and dismissed it without prejudice in a July 2, 2007 Order. The Order provided Washington with an opportunity to amend his complaint within twenty days and further outlined the specific procedural flaws in his complaint. Following the District Court's granting of two extensions, Washington filed an amended complaint on August 16, 2007. The District Court subsequently entered an order dismissing Washington's action for failure to comply with Fed.R.Civ.P. 8, 10, and 20. Washington appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review the District Court's decision for

---

1. The District Court dismissed the case without prejudice, but it appears to have done so with respect to an any *future* action Washington might file with the Court. Generally, where a District Court has dismissed a complaint without prejudice, the dismissal is not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the District Court's order becomes final. *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir.1976) (per curiam). Here, the Court expressly closed the present action, barring any further amendments to Washington's complaint, and effectively dismissing the action with prejudice. In addition, we conclude that the District Court's dismissal here was final as its effect

was to require Washington to either pay a new filing fee outright or to commit anew to paying a filing fee in installments pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. *Cf. Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir.1991). We also understand Washington's course of conduct as an assertion that he satisfied the requirements of filing a complaint, a legal question we may review. *See Borelli*, 532 F.2d at 952 (noting that a without prejudice dismissal may be final if the plaintiff stands on his complaint). The District Court did not explicitly consider limitations problems that Washington would face in any newly filed complaint. If any claims would now be time-barred, the District Court's without-prejudice dismissal would

abuse of discretion. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996). Despite the deferential standard of review afforded Rule 8 dismissals, we conclude that the District Court erred in dismissing Washington's amended complaint.[2]

Rule 8(a) requires a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim(s) showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See* Fed.R.Civ.P. 8; *see also In re Westinghouse Sec. Litig.*, 90 F.3d at 702. In a § 1983 case, a plaintiff need only satisfy the liberal notice pleading requirement of Rule 8. *Abbott v. Latshaw*, 164 F.3d 141, 149 (3d Cir.1998). Courts are to construe complaints so "as to do substantial justice," Fed.R.Civ.P. 8(e), keeping in mind that *pro se* complaints in particular should be construed liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003).

The District Court concluded that the amended complaint should be dismissed under Rule 8, not only because of its length, but because its statements were neither short nor plain. The Court additionally concluded that Washington failed to comply with Rule 10(b) which requires, *inter alia*, that a party "state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances ..." *See* Fed.R.Civ.P. 10(b).

■ Although Washington's amended complaint is lengthy, at nearly 80 pages, and lacks clarity in some places, we do not agree that it violated the basic pleading requirements under Rule 8. At a minimum, the amended complaint provided defendants with "fair notice" of Washington's claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). In its July 2nd Order dismissing Washington's original complaint, the District Court noted that the complaint violated Rule 8 because it "contain[ed] no factual allegations to speak of and aver[ed] only generally that each of the Defendants failed to uphold their duties."

In his amended complaint, Washington significantly reduced the number of defendants in the case. At the beginning of the amended complaint, he set forth a list of the constitutional violations at issue. In each numbered paragraph, he matched the constitutional violations with specific defendants. In the majority of the paragraphs, Washington described the facts supporting the claim and the dates on which the alleged violations occurred. Furthermore, the District Court's own order suggests it was able to discern the outlines of Washington's claims concerning alleged deprivation of religious rights, medical care and access to the courts. (July 2, 2007 Order at p. 1, n. 1, dkt. # 7) Indeed, another of the District Court's orders suggests it thought the amended complaint might be sufficiently meritorious to be worthy of appointment of pro bono counsel. (January 15, 2008, 2008 WL 163053, Order at p. 8, n. 2, dkt. # 25).

For these reasons, we do not agree that the defendants were incapable of answer-

---

now be final for that reason as well. *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1157 (3d Cir.1986).

**2.** Federal Rule of Civil Procedure 20 allows a plaintiff to join defendants in one action if he asserts a right to relief arising out of the same transaction or occurrence. Fed.R.Civ.P. 20. However, Rule 21 provides that misjoinder of parties is not grounds for dismissal of an action. Fed.R.Civ.P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir.1972). Thus, the District Court erred in dismissing Washington's complaint on this basis. In any event, we understand the District Court's dismissal to have been primarily predicated on Rule 8.

ing Washington's amended complaint. *See Alston v. Parker*, 363 F.3d 229, 233 (3d Cir.2004). While the amended complaint may not be clear in all respects, it is not unintelligible. We find that it met the notice pleading requirement under Rule 8.

Accordingly, we will vacate the District Court's order and remand this case for further proceedings. The motion for appointment of counsel is denied without prejudice. Washington may request appointment of counsel in the District Court.