NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-4434 & 11-1229
_____

HENRY UNSELD WASHINGTON,
Appellant

v.

JAMES L. GRACE; DAVID J. WAKEFIELD; R. M. LAWLER; MELVIN S. LOCKETT; DORINA VARNER; S. GLUNT; J. FISHER; K. KAUFFMAN; BARBARA HOLLIBAUGH; SCOTT WALTER; M. HARMAN; Lt. JOHNSON.; G. WALTER; Lt. BAIRD.; Lt. R. LALLI.; T. HOLTZ; J. EWING; R. COOPER; Sgt. JOHNSON.; Sgt. S. MIRABELLA.; Sgt. BUSKO.; Ms. AMY R. GINTER; Ms. P. GRISSINGER; A. STRATTON; DANNILLE GEORGE; YOUNKER; M. B. MCKNIGHT; Corrections Officer S. GRASSMEYER; R. PROKOP; L. J. RHODES; M. MILLS; F. G. MILLS; M. W. LONG; N. G. BARTLEY; C. V. TADDEI; LEHMAN; C. F. YEDOLOSKY; J. K. YOST; D. DECKER; Corrections Officer D. J. EVERHART ; HALL; Mr. SHOWALTER; M. D. DONALDSON; R. A. STEVER; Corrections Officer M. A. GARZARELLA; J. BARR; N. L. GROVE; B. R. SEMPLE; C. L. HAND; A. L. GOODWIN; W. C. COLEGROVE; A. J. JONES; S. BRUSH; WHEATLAN; TIMOTHY PROUGH; L. SMITH; B. SMITH; B. BUTLER; MCCLAIN; HOSLER; MARY LOU SHOWALTER; Dr. ROMEO; Dr. ARANEDA.; Dr. SOLOMON.; F. KLEMICK; ROBERT ATLMAN; Dr. LONG.; Ms. D. MILLS.; Ms. A. BROWN.; MS. A. AUMAN; WALTER WILLIAMS, Prison Health Services Nurse Supervisor; T. C. GEMBINKSI; HARRY E. WILSON; Deputy Warden LINDA D. HARRIS; Deputy Warden MARK A. KRYSEVIG; CAROL SCIRE; EDWARD MANCHAS; SCOTT NICKELSON; MICHAEL ZAKEN; CHARLES POWLEY; Lt. MOZINGO; Lt. CRUMB.; GEORGE REPOSKY; JON TUSTIN; GARY ABRAMS; CHRISTINA SORBIN; ROY BARNES; Sgt. SHOMPERT; SNYDER; CRUTCHMAN; DOBRYZINSKI; PEASTRACK; KOVAL; RICHTTER; MARK POWELL; HAYDEN; D. EVANS; ROBERT TRETINIK; M. HERBIK, Doctor for PHS; CHRISTOPHER MEYER; PRISON HEALTH SERVICES, INC.; SHARON M. BURKS; MICHAEL FARNAN, PA DOC Chief Counsel; ALLAN B. FOGEL; WILLIAM S. STICKMAN; JOHN S. SCHAFFER; SHIRLEY MOORE; *SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; C. RODDY, Corrections Officer-SCI Huntingdon; PEER; DARNEY; EBY; KENDRICK; DICKSON; STEVENS; Sgt. BUMGARDENER; Sgt. CLAPPER.; PAIGE; CHILCOT; EBERLING; J. MARTELL; MCCLOSKEY, Corrections Officer-

SCI Huntingdon; SCHROYER; NELSON; J. J. MAINELLO; CAMPBELL; PYLE; WESTOVER; Dr. SHOAF; Mr. HARRY POLAND; ROY BARNES; KYLE; KYLER; MICHAEL KOLOPOTOSKI, SCI-Dallas Warden; S. BOHINSKI, Doctor for PHS; O'BRIEN, Physicians' Assistant; JOSEPH F. MAZURKIEWICZ, SCI Pine Grove Warden; Ms. DUREE AHMED, Doctor for PHS; LOUIS S. FOLINO, SCI Greene Warden; MARK CAPOZZA, SCI Deputy Warden; JEFFERY MARTIN, SCI Deputy Warden; DANNY DAVIS, SCI Wardens Assistant; DIANE THOMAS, SCI Administrative 2; LORINDA WINFIELD, SCI Major; C. HAYWOOD, SCI Captain of Security; P. WALKER, SCI RHU Commander; Lt. DURCO, SCI H-Block Lieutenant; Lt. ARMSTRONG, SCI H-Block Lieutenant; Sgt. FARRIER, SCI H-Block Sergeant; D. SWART, SCI Counselor; IRMA VIHLIDAL, PHS Health Care Administrator; NEDRA GREGO, Nurses Supervisor for PHS; JOHNNY MCANANY, Nurses Supervisor for PHS; ROBERT DIETZ, Psychiatric Coordinator for PHS; B. JIN, Doctor for PHS; MICHELE ANTANOVICH, Nurse Practitioner for PHS; MICHELE HOWARD-DIGGS, Physicians Assistant for PHS; ASSAD KAHN, Psychiatrist for PHS; LORI WHITE, PA DOC Deputy Commissioner; J. SMITH, Corrections Officer; G. C. BERGER

*(Pursuant to Rule 43(c), Fed. R. App. P.)

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-08-cv-01283)
District Judge:  Honorable John E. Jones III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2011

Before: FUENTES, GREENAWAY, JR., and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 26, 2011 )
_____

OPINION
_____

2

PER CURIAM

On June 24, 2008, Commonwealth of Pennsylvania prisoner Henry Unseld Washington commenced this lawsuit, the second of at least two he lodged against a similar, capacious set of defendants.[1] As before, his lengthy, handwritten complaint charged a series of constitutional and other violations, most predicated on conspiratorial retaliation, ranging from the serious (physical and sexual assault) to the trivial (denial of toenail clippers; targeted, tobacco-saturated expectorate) to the outright bizarre (contamination of cell with "renowned cancer-causing juice"). The defendants were, again, staff members and others associated with a series of Pennsylvania state prisons: SCIs Greene, Fayette, Huntingdon, Dallas, and Pine Grove. Washington requested, inter alia, compensatory damages, replacement of his damaged property, injunctive relief (including commutation of his life sentence, facially prohibited by Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)), and surgery to reverse his "genital dysmorphism." This new case, which addressed conduct spanning from June 30, 2004, to (by the third amended complaint)[2] May 2010, substantially overlapped with the previous case, M.D. Pa. Civ. No. 4-07-cv-00867; indeed, several of the allegations were identical. Accompanying Washington's complaint was a flurry of motions and declarations, most of which were

---

[1] We have provided greater detail about Washington and the background of his complaints in Washington v. Grace, Nos. 10-3619 & 10-4258 (3d Cir.).

[2] See Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (holding that the Prison Litigation Reform Act allows for an amended complaint to allege new and newly exhausted claims addressing incidents that had not yet transpired at the original time of filing).

denied by the District Court.

The Magistrate Judge assigned to the case ultimately recommended dismissal of Washington's third amended complaint due to its "failure [to] comply with the *in forma pauperis* requirements and failure to state a claim upon which relief can be granted." Washington v. Grace, No. 4:08-CV-1283, 2010 U.S. Dist. LEXIS 125360, at *14–15 (M.D. Pa. Nov. 9, 2010). The Magistrate Judge identified numerous flaws in the complaint, including: its failure to comply with Federal Rule of Civil Procedure 8(a), see id. at *19–21; its inclusion of conduct occurring outside of applicable statutes of limitations, see id. at *21–26; and its problematic choice of venue, see id. at *26–30. Elsewhere, the Magistrate Judge determined that Washington's Eighth Amendment medical treatment and First Amendment retaliation claims lacked merit. Id. at *30–47. The District Court agreed, adopting the Magistrate Judge's Report and Recommendation in its entirety. Thereafter, it denied Washington's timely filed motions for relief from judgment (pursuant to Federal Rule of Civil Procedure 60(a)) and for reconsideration, after which Washington filed a timely notice of appeal.[3]

---

[3] Washington actually filed two separate notices of appeal. The first was submitted in response to the District Court orders that dismissed his second amended complaint and denied as moot various miscellaneous requests; this notice corresponds to C.A. No. 10-4434. The second, as described above, was timely filed after the denial of his motions for relief and for reconsideration, and corresponds to C.A. No. 11-1229. See Fed. R. App. P. 4(a)(4)(A). As the cases have been consolidated, and as we clearly have jurisdiction by virtue of the second notice of appeal, we need not consider whether we properly had jurisdiction at the time of Washington's first appeal. Cf. Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) ("[A] premature appeal taken from an order

4

We have jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291, and conduct plenary review of a District Court's sua sponte dismissal of a complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Washington is a pro se litigant; hence, his complaint is to be construed liberally and held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Higgs v. Att'y Gen., ___ F.3d ___, 2011 U.S. App. LEXIS 17748, at *12–14 (3d Cir. Aug. 25, 2011, No. 09-3128). "We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Washington's] favor." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). In order to resist dismissal, a complaint must contain more "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Motions for reconsideration are reviewed for abuse of discretion.[4] Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

which is *not final* but which is followed by an order that *is final* may be regarded as an appeal from the final order in the absence of the showing of prejudice to the other party.") (emphasis in original) (quoting Richerson v. Jones, 551 F.2d 918, 922 (3d Cir. 1977)). See also Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam).

As the defendants were never served, they are not participating in this appeal.

[4] Washington's Rule 60(a) motion attacked the District Court's "premature" adoption of the Report and Recommendation, which did not allow time for his objections to arrive at the court; indeed, the District Court's order adopting the Report and Recommendation observes that "no objections are made to a magistrate judge's report and recommendation." Washington v. Grace, No. 4:08-cv-1283, 2010 U.S. Dist. LEXIS 125365, at *1 (M.D. Pa. Nov. 29, 2010). As we conduct de novo review of the record,

1985).

As a preliminary matter, we do not agree with the District Court's Rule 8(a) and venue-based rationales for dismissing the complaint. In an earlier appeal, addressing a similar Rule 8(a) dismissal of Washington's first lawsuit, we observed that his complaint, while lengthy and "lack[ing] clarity in some places," was neither unanswerable nor unintelligible. Washington v. Grace, 353 F. App'x 678, 680–81 (3d Cir. 2009) (non-precedential per curiam). The same reasoning applies to the present complaint. Similarly, while Washington's allegations of a far-flung conspiracy at various prisons are, at times, outlandish, we cannot conclude that this rendered the parties improperly joined; and, in any case, misjoinder is not grounds for dismissing an action. Fed. R. Civ. P. 21. The case, as filed, complies with the requirements of 28 U.S.C. § 1391(b), and Washington persuasively argues in his appellate brief that Middle District venue was proper, given the weight of violations occurring in that district.[5]

Since Washington initiated this lawsuit on June 24, 2008, see Houston v.

---

see Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011) (failure to object to Report and Recommendation changes standard of review when pro se plaintiff is warned of the consequences), this alleged mistake is harmless.

[5] Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008) (nonprecedential per curiam), relied upon by the District Court, does not support its venue outcome. In Mincy, the "District Court correctly concluded that [the plaintiff's] attempts to incorporate separate and unrelated claims against parties from other lawsuits [we]re inappropriate"; however, as Rule 21 prohibited dismissing due to misjoinder, and as the court's alternative dismissal under Rule 41(b) was improper, we vacated and remanded when dismissal was predicated on those two grounds. Id. at 107–09. Nowhere in Mincy did we equate overly broad joinder with initiation of suit in an improper venue.

6

Lack, 487 U.S. 266, 276 (1988), the two-year statute of limitations for 42 U.S.C. § 1983 actions in Pennsylvania bars recovery for conduct taking place before June 24, 2006. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (explaining that a complaint can be dismissed for statute-of-limitations violations when "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"). Looking to the third amended complaint, which was used by the District Court in making its final disposition, we observe that paragraphs one through 92 refer exclusively to activity before the two-year cutoff. Therefore, none of those factual grounds can properly support a claim (with one exception, discussed *infra*).

We are similarly in accord with the majority of the District Court's reasoning on Washington's Eighth Amendment and First Amendment retaliation claims. Washington did not successfully plead deliberate indifference by the defendants to his serious medical needs, see Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 320 (3d Cir. 2005), nor did he show that most of the alleged retaliation by the defendants would deter a person of ordinary firmness from exercising his constitutional rights,[6] see Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); moreover, many of the defendants were not

---

[6] To the extent that the District Court relied on the burden-shifting test of Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001), we observe that the test is not generally appropriate in a dismissal context; to consider plaintiff's causal averments as "rebuttable" at this stage is at odds with the requirement that a court take them to be true.

7

shown to have personal involvement in any underlying constitutional violation, see

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

However, we have identified several claims that, on their face, pass substantive muster. Specifically, the following paragraphs of the third amended complaint contain allegations of retaliation, excessive force, and sexual assault that appear to state a claim upon which relief could be granted: 88,[7] 103–04, 108, 112, 118, 122, 131, 145, 221, 239, 339, and 356–57.[8] With regard to these claims, we will vacate the District Court's judgment and remand for further proceedings. We are mindful that several of the claims we have identified may overlap with or be otherwise barred by their identical or similar cousins in Washington's previous appeal; to cite just one example, paragraph 88 describes similar conduct to paragraph 51 of the final amended complaint in Washington's other appeal. As this situation raises case-management concerns, and as

---

[7] This paragraph describes activity occurring on or around May 14, 2006, narrowly outside of the limitations period. As the pursuit of prison grievances may toll the applicable statute of limitations, see Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005), we will include this claim in our remand out of an abundance of caution.

[8] Washington's third amended complaint sheds most of the factual detail of his second amended complaint. While the averments in the second amended complaint were, at times, outrageous, they compare favorably to their equivalents in the third amended complaint, and better avoid the "conclusory," pleading-elements-of-claim character that typifies the retaliation claims of his third amended complaint. As Washington indicated that he excised this material in an attempt to comply with the District Court's instruction to simplify his complaint, we have extended him the equitable courtesy of referring, at times, to his second amended complaint in determining whether certain allegations merit remand, mindful of the general rule that an amended complaint supersedes the original, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).

8

neither case has the finality required for *res judicata*, we leave it to the District Court to best determine how to proceed.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings.