**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
_____

No. 13-2356
_____

HENRY UNSELD WASHINGTON,
                    Appellant

v.

JAMES L. GRACE; DAVID J. WAKEFIELD; R. M. LAWLER; MELVIN S.
LOCKETT; DORINA VARNER; S. GLUNT; J. FISHER; K. KAUFFMAN; BARBARA
HOLLIBAUGH; SCOTT WALTER; M. HARMAN; LT. JOHNSON; G. WALTER; LT.
BAIRD; LT. R. LALLI; T. HOLTZ; J. EWING; R. COOPER; SGT. JOHNSON; SGT. S.
MIRABELLA; SGT. BUSKO; MS. AMY R. GINTER; MS. P. GRISSINGER; A.
STRATTON; DANNILLE GEORGE; YOUNKER; M. B. MCKNIGHT;
CORRECTIONS OFFICER S. GRASSMEYER; R. PROKOP; L. J. RHODES; M.
MILLS; F. G. MILLS; M. W. LONG; N. G. BARTLEY; C. V. TADDEI; LEHMAN; C.
F. YEDOLOSKY; J. K. YOST; D DECKER; G. C. BERGER; CORRECTIONS
OFFICER D. J. EVERHART; HALL; MR. SHOWALTER; M. D. DONALDSON; R. A.
STEVER; CORRECTIONS OFFICER M. A. GARZARELLA; J. BARR; N. L. GROVE;
B. R. SEMPLE; C. L. HAND; A. L. GOODWIN; W. C. COLEGROVE; A. J. JONES; S.
BRUSH; WHEATLAN; TIMOTHY PROUGH; L. SMITH; B. SMITH; B. BUTLER;
MCCLAIN; HOSLER; MARY LOU SHOWALTER; DR. ROMEO; DR. ARANEDA;
DR. SOLOMON; F. KLEMICK; ROBERT ATLMAN; MS. D. MILLS; MS. A.
BROWN; MS. A. AUMAN; WALTER WILLIAMS, Prison Health Services Nurse
Supervisor; T. C. GEMBINSKI; HARRY E. WILSON; DEPUTY WARDEN LINDA D.
HARRIS; DEPUTY WARDEN MARK KRYSEVIG; CAROL SCIRE; EDWARD
MANCHAS; SCOTT NICKELSON; MICHAEL ZAKEN; CHARLES POWLEY; LT.
MOZINGO; LT. CRUMB; GEORGE REPOSKY; JON TUSTIN; GARY ABRAMS;
CHRISTINA SORBIN; ROY BARNES; SGT. SHOMPERT; SNYDER;
CRUTCHMAN; DOBRYZINSKI; PEASTRACK; KOVAL; RICHTTER; MARK
POWELL; HAYDEN; D. EVANS; ROBERT TRETINIK; M. HERBIK, Doctor for PHS;
CHRISTOPHER MEYER; PRISON HEALTH SERVICES, INC; SHARON M.
BURKS; MICHAEL FARNAN, PA DOC Chief Counsel; ALLAN B. FOGEL;
WILLIAM S. STICKMAN; JOHN S. SCHAFFER; SHIRLEY MOORE; JEFFREY A.
BEARD, PA DOC Commissioner; C. RODDY, Corrections Officer - SCI Huntingdon;

PEER; DARNEY; EBY; KENDRICK; DICKSON; STEVENS; SGT. BUMGARDENER; SGT. CLAPPER.; PAIGE; CHILCOT; EBERLING; J. MARTELL; MCCLOSKEY, Corrections Officer - SCI Huntingdon; SCHROYER; NELSON; J. J. MAINELLO; CAMPBELL; PYLE; WESTOVER; DR. SHOAF; MR. HARRY POLAND; KYLE; KYLER; MICHAEL KOLOPOTOSKI, SCI-Dallas Warden; S. BOHINSKI, Doctor for PHS; O'BRIEN, Physicians' Assistant; JOSEPH F. MAZURKIEWICZ, SCI Pine Grove Warden; MS. DUREE AHMED, Doctor for PHS; LOUIS FOLINO, SCI Greene Warden; MARK CAPOZZA, SCI Deputy Warden; JEFFERY MARTIN, SCI Deputy Warden; DANNY DAVIS, SCI Wardens Assistant; DIANE THOMAS, SCI Administrative 2; LORINDA WINFIELD, SCI Major; C. HAYWOOD, SCI Captain of Security; P. WALKER, SCI RHU Commander; LT. DURCO, SCI H-Block Lieutenant; LT. ARMSTRONG, SCI H-Block Lieutenant; SGT. FARRIER, SCI H-Block Sergeant; D. SWART, SCI Counselor; IRMA VIHLIDAL, PHS Health Care Administrator; NEDRA GREGO, Nurses Supervisor for PHS; JOHN MCANANY, Nurses Supervisor for PHS; ROBERT DIETZ, Psychiatric Coordinator for PHS; B. JIN, Doctor for PHS; MICHELE ANTANOVICH, Nurse Practitioner for PHS; MICHELLE L. HOWARD-DIGGS, Physicians Assistant for PHS; ASSAD KAHN, Psychiatrist for PHS; LORI WHITE, PA DOC Deputy Commissioner; J. SMITH, Corrections Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4:08-cv-01283)
District Judge: Honorable John E. Jones, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before: HARDIMAN, GREENAWAY, JR. and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: August 9, 2013)
_____

OPINION
_____

PER CURIAM

When this long-lived litigation was last before us, we were called upon to determine whether pro se plaintiff Henry Unseld Washington had successfully pleaded claims upon which relief could be granted. It was not an easy task. Washington had filed two separate lawsuits in the Middle District of Pennsylvania, alleging in each the existence of a vast, virulent conspiracy that was targeting him in retaliation for his outspoken tendencies and past litigation. Over the course of hundreds of separate, handwritten counts, Washington implicated Pennsylvania Department of Corrections employees (and their associates) in conduct both brutal and bizarre, and his style of pleading did no favors to those tasked with deciphering, digesting, and responding to his claims. The District Court had determined that neither suit should survive the dismissal stage; and, conducting plenary review on appeal, we agreed in large part with its decisions. But nestled amongst the hundreds of allegations in each suit were a small number that were both well pleaded and not facially meritless. We therefore vacated the District Court's judgments, in part, and remanded for further proceedings on these claims, deferring to the District Court's broad case-management discretion regarding "how best to manage those allegations that . . . appear[ed] in both cases." See Washington v. Grace, 445 F. App'x 611, 616–17 & n.8 (3d Cir. 2011) (nonprecedential per curiam); Washington v. Grace, 455 F. App'x 166, 171 (3d Cir. 2011) (nonprecedential per curiam).

3

Consolidating the cases into a single matter (M.D. Pa. Civ. No. 4:08-cv-01283), the District Court asked Washington to file a revised amended complaint containing "all of the issues set forth in the court of appeals' opinion[s]." Order 1, ECF No. 69. The Court initially gave Washington fourteen days to accomplish this task; in response, Washington requested a 180-day extension. See Mot. for Time Enlargement ¶ 5, ECF No. 70. As the District Court would explain in its February 7, 2012 order denying further leave to amend:

> Washington estimates that it may take him as much as an additional 18 months to [submit his final amended complaint]. Washington has also tendered to the Court what he describes as the first installment on this proposed amended complaint which may take a year and a half to complete—a 75 page tome which names more than 150 defendants, repeats dozens of dismissed claims, and contains in excess of 140 separately numbered paragraphs, many of which re-allege claims that have already been found wholly wanting. Given Washington's assertion that this document represents only 25% of his entire proposed amended complaint, it is anticipated that when Washington completes this pleading, which he currently estimates may be sometime in the summer of 2013, the amended complaint will be 300 pages in length and will contain more than 560 separately numbered paragraphs.

Washington v. Grace, No. 4:08-CV-1283, 2012 U.S. Dist. LEXIS 15173, at *5 (M.D. Pa. Feb. 7, 2012). Instead of allowing further amendment, the Court ordered service of Washington's previous amended complaint, instructing the defendants "to respond only to those averments that were previously specifically identified by the court of appeals as meriting a response." Id. at *6. The defendants filed their answer in November 2012.

Forward momentum, however, was to be short lived, for although the District Court granted the defendants' request to depose Washington via videoconference,

4

Washington did not entirely comply with this obligation. He was physically present for the 2013 videoconference, but refused to answer any questions until counsel for the defendants had read a "declaration" provided by Washington that "pertain[ed] to [his] situation." 1st Dep. Tr. 7:3–4, ECF No. 118. Washington did not become any more compliant, and the deposition was ended. As a result, the defendants moved for sanctions pursuant to Fed. R. Civ. P. 37, arguing that dismissal of the action would be an appropriate sanction to impose in light of Washington's conduct; in the alternative, the defendants requested an order compelling Washington's cooperation going forward.

The District Court granted the defendants' motion to compel, directing "Washington to submit to a deposition within 30 days," while warning him that "a failure to comply with this order may result in sanctions, including this dismissal of this lawsuit." Order 4, ECF No. 120. The second deposition met much the same fate as the first. Washington appeared, but was unresponsive; every question was answered with a non sequitur about his life being in imminent danger. See, e.g., 2d Dep. Tr. 11:16–21, ECF No. 134 ("Q: Do you have any children, Mr. Washington? A: My life is in danger at this prison. Sir, I'm being abused. . . . I'm being denied medical treatment. I can barely talk."). The defendants renewed their request for sanctions.

In a thorough Report and Recommendation, the Magistrate Judge recounted the history of the case, and—weighing the six factors of Poulis v. State Farm Fire & Casualty

5

Co., 747 F.2d 863 (3d Cir. 1984)[1]—concluded that the extreme sanction of dismissal with prejudice was warranted.  See Washington v. Grace, No. 4:08-CV-1283, 2013 U.S. Dist. LEXIS 62390, at *28–36 (M.D. Pa. Apr. 9, 2013).  The District Judge "fully agree[d]" with the Magistrate Judge's analysis, emphasizing Washington's history of dilatory conduct, the hurdles impeding an orderly defense, and the inadequacy of lesser sanctions. See Washington v. Grace, No. 4:08-CV-1283, 2013 U.S. Dist. LEXIS 61862, at *15–17 (M.D. Pa. May 1, 2013).  The District Court therefore overruled Washington's objections and dismissed this complaint with prejudice.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  "It is well-settled that a court has discretion to issue sanctions for failure to comply with discovery orders."  Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986); see also Fed. R. Civ. P. 37(b)(2)(A)(v).  Because "[d]ismissal must be a sanction of last, not first, resort," Poulis, 747 F.2d at 869, "we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its findings," Sims, 788 F.2d at 957.  No single Poulis factor is dispositive, and not all need to be satisfied in order to appropriately dismiss a complaint under the test.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (citations omitted).

Having reviewed the record, we are in full accord with the District Court's Poulis

---

[1] Those factors are: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense."  Poulis, 747 F.2d at 868.

analysis. We recounted this case's procedural history above to make abundantly clear that both this Court and the District Court have afforded Washington numerous courtesies of both the interpretive and procedural sort, despite the frequently abusive and peculiar nature of his filings and his tendency to confuse the trivial with the treacherous. See Washington, 2013 U.S. Dist. LEXIS 61862, at *16 ("We and the Court of Appeals have given the Plaintiff every possible opportunity to litigate his potential claims, and he has frustrated or blocked every method we have employed."); see also Washington, 445 F. App'x at 614 n.4 (declining to invoke Poulis in the first instance during Washington's previous appeal). As Washington admits, he struggles with mental-health issues, which could be a partial cause of his dilatoriness and might, in some circumstances, be misinterpreted as bad faith (we are not privy to details of his condition and do not know if his psychiatric ailment is exactly as he describes it).

But the reality is that, five years on, this litigation is no closer to completion, even after Washington's claims were winnowed down to a manageable number by our prior decisions. Instead of moving forward on those claims, Washington has obstructed, delayed, and—perhaps most egregiously—failed to even minimally comply with discovery, effectively sabotaging *two* scheduled, court-ordered depositions. Rather than attend to his obligations to keep the litigation moving forward, Washington submitted numerous supplemental motions and declarations that added to, rather than subtracted from, the volume of pending issues. See, e.g., Washington, 2013 U.S. Dist. LEXIS 62390, at *33–34 ("For example, Washington now repeatedly insists that he is the subject

7

of forced male mammary lactation experiments by prison doctors at SCI Greene . . . ."); Pl.'s Decl. ¶ 5, ECF No. 129 (accusing a Dr. Park of discontinuing Washington's "enhancement snack bag"). Good or bad faith aside, "District [C]ourt judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). "The present case exemplifies the very kind of situation that warrants dismissal." Id. Thus, under our "deferential" review, see Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003), we conclude that the District Court's Poulis analysis, and its decision to impose the extreme sanction of dismissal, represented a proper exercise of its discretion.

Despite appealing the District Court's judgment, Washington has not meaningfully explained his conduct, nor has he even argued that the District Court acted in contravention of its broad discretion. We conclude, therefore, that this appeal "lack[s] an arguable factual or legal basis," and must be dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).